UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:08-CR-0120-LRH-VPC |
| v. | ORDER |
| GLOBAL ONE GROUP, LLC; RICHARD YOUNG; WILLIAM WILLARD; MAELEE ENTERPRISES, INC.; and BADIE, INC., | |
| Defendants. | |

Before the court is defendants Richard Young ("Young") and William Willard's ("Willard") motion to disqualify the United States Attorney's Office ("USAO") for the District of Nevada and to dismiss the superseding indictment. Doc. #58.[1] The United States filed an opposition (Doc. #63) to which defendants replied (Doc. #64).

**I.  Facts and Background**

On December 3, 2008, the grand jury for the District of Nevada returned a 38-count indictment against defendants Global One Group ("Global One"); Young; Willard; Badie, Inc.; and Maelee Enterprises. Global One is a Nevada limited liability company founded by Young and Willard that provides information regarding trading techniques and opportunities on the Foreign

---

[1] Refers to the court's docket number.

Exchange.

The indictment charges defendants with multiple counts of mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), conspiracy to commit mail and wire fraud (18 U.S.C. § 1349), laundering of monetary instruments (18 U.S.C. § 1956(a)(1)(B)(I)), engaging in money transactions in property derived from specified unlawful activity (18 U.S.C. § 1957), and aiding and abetting the commission of the above-referenced offenses (18 U.S.C. § 2). The indictment also sought forfeiture of all property which constitutes the proceeds or is derived from proceeds that are traceable to the above-referenced offenses pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(c).

After the indictment was returned, defendants Young and Willard separately contacted current United States Attorney Dan Bogden ("USA Bogden"), who was engaged in private practice at the time the indictment was handed down. Young and Willard allegedly inquired about USA Bogden's willingness and availability to defend either Young or Willard against the indictment. Young and Willard further allege that they provided confidential information to USA Bogden as part of these initial inquiries. USA Bogden declined to represent either defendant.

Subsequently, on September 15, 2009, USA Bogden was nominated for his current position as the United States Attorney for the District of Nevada. After USA Bogden was confirmed, a superseding indictment was returned against defendants on March 24, 2010, for multiple counts of conspiracy (18 U.S.C. § 1349), wire fraud (18 U.S.C. § 1343), and engaging in money transactions in property derived from specified unlawful activity (18 U.S.C. § 1957). The superseding indictment was issued by Assistant United States Attorney Steven W. Myhre ("AUSA Myhre") as an attorney for the United States acting pursuant to 28 U.S.C. § 515.

Thereafter, defendants filed the present motion to disqualify the United States Attorney's Office ("USAO") for the District of Nevada and to dismiss the superseding indictment. Doc. #58. The court held a hearing and heard arguments by the parties on July 19, 2010. Doc. #66.

///

**II.    Discussion**

      **A. Motion to Disqualify**

Defendants argue that the United States Attorney's Office ("USAO") for the District of Nevada should be disqualified from prosecuting this action because USA Bogden was privileged to confidential information prior to his appointment disqualifying him from representing the government and that the USAO's office cannot effectively screen Bogden from this matter because he is the supervisor of the prosecuting attorneys. In opposition, the government argues that disqualification of an entire USAO is not mandated by any rule of professional conduct, nor is it required by any state or federal statute or case and that USA Bogden and the USAO have complied with all screening and recusal requirements.

Initially, the court notes that "[t]here is no controlling standard in the Ninth Circuit for imputation of a conflict where a private defense attorney joins a prosecutor's office. In general, Ninth Circuit authority has refused to extend cases that apply the imputed disqualification rule to private law firms equally to government agencies." *United States v. Nosal*, 2009 U.S. Dist. Lexis 14820, *8 (9th Cir. 2009). Further, there is no requirement that the court recuse an AUSA or a USAO based on the imputed conflict from a new USA. *Nosal,* *12; *see also, United States v. Bolden*, 353 F.3d 870, 876 (10th Cir. 2003) ("disqualifying an entire United States Attorney's Office is almost always reversible error regardless of the underlying merits of the case.").

Additionally, based upon the representations of counsel at the hearing, the court finds that USA Bogden submitted a recusal request that was approved on October 6, 2009, and that USA Bogden has been screened from any involvement in the case since his appointment September 15, 2009. Further, USA Bogden has not (1) participated in any decision-making, (2) had any input on the case, (3) reviewed prosecution memorandum, or (4) had any involvement in the case whatsoever. Rather, Associate Deputy Attorney General David Margolis ("ADAG Margolis") directed and authorized AUSA Myhre to have the status and perform all of the authorized functions

3

1  of a United States Attorney with respect to the government's case against Global One pursuant to
2  28 U.S.C. § 515. Therefore, the court finds that USA Bogden has been effectively screened from
3  any participation in this action and that recusal of an entire USAO is unnecessary and unwarranted.
4  *See Nosal*, 2009 U.S. Dist. Lexis 14820, *8. Accordingly, defendants' motion to recuse shall be
5  denied.

6  **B. Motion to Dismiss Superseding Indictment**

7  Defendants also seek dismissal of the superseding indictment pursuant to Federal Rule of
8  Criminal Procedure 7. Rule 7 requires that an indictment be signed by an attorney for the
9  government. Fed. R Crim. Pro. 7(c)(1). Defendants argue that AUSA Myhre was without
10 authorization to issue the indictment.

11 An AUSA may sign an indictment if the AUSA is authorized by law to do so. *See United*
12 *States v. Perholtz*, 622 F. Supp. 1253, 1262 (D. D.C. 1985) (an authorized assistant may sign the
13 United States Attorney's name). Pursuant to 28 U.S.C. § 515, any attorney specially appointed or
14 designated by the Attorney General may conduct any legal proceeding on behalf of the
15 government. 28 U.S.C. § 515(a).

16 Here, AUSA Myhre was properly designated as the acting United States Attorney by
17 ADAG Margolis after USA Bogden recused himself from participating in this action. Based on the
18 record before the court, the court finds that AUSA Myhre's appointment was proper under 28
19 U.S.C. § 515. Thus, AUSA Myhre had authority to sign and issue the superseding indictment.
20 Accordingly, defendants' motion to dismiss the superseding indictment shall be denied.
21 \\\
22 \\\
23 \\\
24 \\\
25 \\\
26

1      IT IS THEREFORE ORDERED that defendants' motion to recuse the United States Attorney's Office for the District of Nevada and dismiss the superseding indictment (Doc. #58) is DENIED.

       IT IS SO ORDERED.

       DATED this 16th day of August, 2010.

       _____
       LARRY R. HICKS
       UNITED STATES DISTRICT JUDGE